# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ARDONNA LYLE,

    Plaintiff,

v.

DESERT SPRINGS HOSPITAL,

    Defendant.

Case No. 2:11-CV-00641-KJD-CWH

**ORDER**

Before the Court is Defendant's Motion for Summary Judgment (#24).  Plaintiff has filed an opposition (#27) and Defendant has filed a reply (#29).

I. Background

Plaintiff Ardonna Lyle is an African-American female employed by Desert Springs Hospital ("DSH"), which is part of the Valley Health System.  She has been employed since 2006 as a Respiratory Therapist.  On October 1, 2008, DSH posted a vacancy for a position as a Supervisory Respiratory Therapist.  Plaintiff's supervisor, Richard Savage, Director of Cardiopulmonary, encouraged Plaintiff and other employees to apply.  Plaintiff, along with about ten others, applied for the position.  The field was narrowed to three candidates, including Plaintiff.  Savage asked these three candidates to perform an assignment as part of the selection process.  Ultimately, Savage

1   determined that the three candidates were not equally qualified and selected Dawn DeYoung.

2   Savage has testified that he selected Ms. DeYoung over Plaintiff because, unlike Plaintiff, DeYoung

3   had a bachelors degree, had prior experience as an EMT that demonstrated certain skills, and had

4   been proactive in her previous position at DSH.  DeYoung was offered the job in December, 2008.

5          About nine months later, on September 21, 2009, Lyle complained to the CEO and a human

6   resources official that she was subjected to disparate treatment and a hostile work environment[1] after

7   being denied the promotion. On September 25, 2009, Plaintiff filed a Charge of Discrimination with

8   the EEOC.  In addition to not receiving the promotion, Plaintiff alleged that certain conduct by

9   Savage was motivated by racial discrimination, including an audit of her paid time off, removal from

10  various shifts, and denial of a committee assignment.  Savage was not aware of Plaintiff's complaints

11  or her EEOC charge.  In July, 2010, Savage met with Plaintiff and informed her of complaints made

12  against her by co-workers.  One of the complaints was that she "brings up the race card."

13         Larren Wallace was promoted as Director of Cardiopulmonary in September, 2010.  On

14  September 21, 2010, DSH opened a Respiratory Therapist Shift Supervisor position.  The position

15  was opened for at least seven days, in accordance with DSH policy.  On September 24, 2010,

16  Keirsten Jackson applied for the supervisory position.  On October 5, 2010, Wallace selected Ms

17  Jackson for the position.  Ms. Jackson had twenty years of experience as a respiratory therapist and

18  had worked at DSH for over five years.  After the selection had been made, on October 11, 2010,

19  Plaintiff submitted her application.  Wallace was unaware of Plaintiff's Charge of Discrimination or

20  any other complaints of harassment or discrimination until the commencement of this lawsuit.

21         Between October 2008, and the date the Motion was filed, there have been five Respiratory

22  Therapist Shift Supervisor positions available at DSH.  Plaintiff only applied for two of these

23  positions.  Further, there have been sixteen Respiratory Therapist Shift Supervisor positions open in

24  other Valley Health System hospitals.  Plaintiff has not applied for any of these positions.

25

26         [1] Plaintiff has not provided points and authorities in support of her arguments that she was subject to a hostile
     work environment.  Accordingly, she has consented to granting summary judgment as to this claim.  See Local Rule 7-2.

1  II.  Discussion

2        A.  Legal Standard for Summary Judgment

3        Summary judgment is appropriate when "the pleadings, depositions, answers to

4  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

5  genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

6  law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the absence of a

7  genuine dispute of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden

8  then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual dispute

9  for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R.

10  Civ. P. 56(e).

11        All justifiable inferences must be viewed in the light most favorable to the nonmoving party.

12  See Matsushita, 475 U.S. at 587.  However, the nonmoving party must produce specific facts, by

13  affidavit or other evidentiary materials similar to those described in Rule 56, to show that there is a

14  genuine dispute for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Summary

15  judgment motions can only be defeated by admissible evidence. In re: Oracle Corporation Securities

16  Litigation, 627 F.3d 376, 385 (9th Cir. 2010).  "[U]ncorroborated and self-serving testimony,"

17  without more, will not create a "genuine issue" of material fact precluding summary judgment.

18  Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "A conclusory,

19  self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a

20  genuine issue of material fact."  Nilsson v. City of Mesa,  503 F.3d  947,  952  n. 2 (9th Cir.  2010)

21  (citation  omitted).  An affidavit that contradicts the plaintiff's own deposition testimony is not

22  sufficient to defeat summary judgment. Orr v. Bank of America, 285 F.3d 764, 780 n. 28 (9th Cir.

23  2002).  Furthermore, "when opposing parties tell two different stories, one of which is blatantly

24  contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that

25  version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550

26  U.S. 372, 380 (2007)

3

1    Summary judgment shall be entered "against a party who fails to make a showing sufficient

2    to establish the existence of an element essential to that party's case, and on which that party will

3    bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Summary judgment shall not be granted

4    if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

5    B.  Employment Discrimination

6    Title VII prohibits employee discrimination on the basis of race, color, religion, sex, or

7    national origin. See 42 U.S.C. § 2000e–2(a). To prevail on her Title VII discrimination claim, a

8    plaintiff must establish a prima facie case of discrimination by presenting evidence that "gives rise to

9    an inference of unlawful discrimination." Cordova v. State Farm Ins. Co., 124 F.3d 1145, 1148 (9th

10   Cir.1997); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36

11   L.Ed.2d 668 (1973). A plaintiff can establish a prima facie case of discrimination through the burden

12   shifting framework set forth in McDonnell Douglas.

13   Under the McDonnell Douglas framework, the plaintiff carries the initial burden of

14   establishing a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 802. To establish

15   a prima facie case, the plaintiff must show that: (1) she belongs to a protected class; (2) she was

16   qualified for her position and was performing her job satisfactorily; (3) she suffered an adverse

17   employment action; and (4) similarly situated individuals outside of her protected class were treated

18   more favorably. Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir.2008) (citing Chuang v.

19   Univ. of Cal. Davis, 225 F.3d 1115, 1126 (9th Cir.2000)); see also, Bodett v. Coxcom, Inc., 366 F.3d

20   736, 743 (9th Cir.2004).  The proof required to establish the prima facie case is "minimal and does

21   not even need to rise to the level of a preponderance of the evidence." Wallis v. J.R. Simplot Co., 26

22   F.3d 885, 889 (9th Cir.1994).

23   If the plaintiff succeeds in establishing a prima facie case, the burden shifts to the defendant

24   to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct.

25   McDonnell Douglas, 411 U.S. at 802.  If the defendant provides such a justification, the burden shifts

26

4

1  back to the plaintiff to show that the defendant's justification is a mere pretext for discrimination. Id.

2  at 804.

3       C. Prima Facie Case

4       Defendant does not dispute that Plaintiff is a member of a protected class, was minimally

5  qualified for the positions for which she applied, and did not obtain the two promotions.  Defendant

6  argues that Plaintiff was not treated less favorably than similarly situated individuals outside her

7  class.

8       "That a non-African-American was ultimately selected for the position and thus treated more

9  favorably than Plaintiff is not, by itself, suggestive of discrimination absent some evidence that

10 Plaintiff and the person selected were similarly situated in material respects." Harris v. City of

11 Fresno,  625 F.Supp.2d 983, 1003 (E.D.Cal. 2009) (citing Moran v. Selig, 447 F.3d 748, 755 (9th

12 Cir.2006)).   "[I]ndividuals are similarly situated when they have similar jobs and display similar

13 conduct." Vasquez v. County of Los Angeles, 349 F.3d 634, 641 (9th Cir.2003). The employees need

14 not be identical; they must simply be similar "in all material respects." Moran, 447 F.3d at 755.

15      Defendant does not cite, and the Court has not found, any case where a court has analyzed

16 the relative education levels, prior career experience, or leadership factors of co-applicant employees

17 who are otherwise minimally qualified, at this stage of the McDonnell Douglas framework.

18 Generally, cases finding failure to establish a prima facie case demonstrate a stark and recognizable

19 disparity between the employees.  See Nicholson v. Hyannis Air Service, Inc., 580 F.3d 1116, 1126

20 (9th Cir. 2009) (reversing district court's determination that employees were not similarly situated

21 based on factors including "personality").  Even where courts examine these factors at the prima

22 facie stage, they generally still analyze whether the defendant had a legitimate, non-discriminatory

23 reason for its action.  See, e.g. Moran 447 F.3d at 756.

24      Plaintiff argues that she is minimally qualified, held similar position, and did similar work to

25 the employees that were ultimately promoted.  Plaintiff claims that this shows she was "similarly

26

1  situated" for purposes of establishing a prima facie case.  Accordingly, the Court finds that, under the

2  circumstances presented in this case, Plaintiff has established her prima facie case.

3           D. 2008 Job Application

4                 1.  Employer's Reason for Action

5           When asked at his deposition why he selected DeYoung over Plaintiff, Savage testified as

6  follows:

7                Dawn DeYoung had a bachelor's degree.  Dawn DeYoung had worked in
                 an EMS industry.  I want to say in upstate New York, which requires
8                multitask, multidecision-making all in the blink of an eye, sound critical
                 thinking skills.  She was a registered therapist.  She had demonstrated
9                leadership qualities and initiative as a staff therapist.

10 In contrast, Savage noted that Plaintiff only had an associate's degree, had not "predemonstrated any

11 leadership qualities" and had not been proactive in the position she then held.[2]  Savage determined

12 that the three candidates for the position were not equally qualified and chose DeYoung because she

13 was the best qualified for the position.  This constitutes a legitimate non-discriminatory reason for

14 the promotion decision.

15                2.  Issue of Fact as to Pretext

16          Where a plaintiff relies on circumstantial evidence to demonstrate pretext, "that evidence

17 must be specific and substantial to defeat the employer's motion for summary judgment."  Coghlan

18 v. American Seafoods Co. LLC., 413 F.3d 1090, 1095 -1096 (9th Cir. 2005). Stray remarks unrelated

19 to the employment decision at issue are insufficient to establish discrimination. See Price

20 Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 1791 (1989); Merrick v. Farmers Ins. Group,

21 892 F.2d 1434, 1438 -1439 (9th Cir. 1990) (same); Nesbit v. Pepsico, Inc., 994 F.2d 703, 705 (9th

22 Cir.  1993) (comment by supervisor that "[w]e don't necessarily like grey hair" insufficient to

23 establish pretext to defeat summary judgment); Waizmann v. Sierra Pacific Power Co., 291

24  ——————————

25        [2] Plaintiff selectively quotes deposition testimony to suggest that Savage could not remember various aspects of
   the hiring decision and presents this as evidence that he did not actually consider Plaintiff's application. Further, Plaintiff
   misleadingly characterizes testimony clarifying a document to argue that Savage was not aware of DeYoung's educational
26 background. Plaintiff's attempt is transparent and does not create an issue of fact.

6

1   Fed.Appx. 106, 107 (9th Cir. 2008) (two discriminatory statements made by co-worker and

2   supervisor were insufficient evidence of pretext).

3         Plaintiff offers no direct evidence of discrimination in the promotion decision.  Plaintiff's

4   most primary indirect evidence that is that in July 2010, Savage met with Plaintiff and told her that

5   other employees had complained about her.  Among the co-worker feedback Savage relayed to

6   Plaintiff was a complaint that she used the "race card."  At his deposition, Savage said that he did not

7   personally believe that Plaintiff used the race card.  This single comment, recounted second-hand,

8   was made nineteen months after the employment decision. There is no evidence that it was related to

9   Savage's decision to hire DeYoung over Plaintiff.  Instead, the undisputed evidence shows that the

10  "race card" comment was a non-actionable "stray remark," which does not create an issue of fact

11  about pretext.[3]  The remainder of Plaintiff's circumstantial evidence is even less convincing.

12  Specifically, Plaintiff contends that she never was actually considered for the job, that Savage gave

13  all three finalists assignments "to cover himself," that Savage's lack of memory of a single pre-

14  decision episode of discipline somehow evidences discrimination, and that Savage didn't actually

15  know the qualities of the candidates.  Each of these contentions is self-serving, speculative, and

16  contradicted by the record. Plaintiff's circumstantial evidence is not "specific and substantial"

17  enough to establish a dispute of fact on the question of pretext.

18

19         [3] In support its argument that the "race card" comment is insufficient to create an issue of fact, Defendant cites

20  Burnell v. Gates Rubber Co., 647 F.3d 704, 710 (7th Cir. 2011).  The parenthetical used by defendant states
    "circumstantial evidence — including past discrimination,..., and the 'race card' (sic) would not allow a rational jury to
21  conclude that racial discrimination caused Burnell's firing." This synopsis of the case's holding is extremely misleading.
    The court in Burnell stated that the "race card" comment was not *direct evidence* of discrimination.  However, the Court
22  went on to hold that the "race card" comment was (as alleged by Plaintiff in this case) indirect evidence of discrimination,
    and refused to grant summary judgment on that basis. See Id. at 710.  Burnell is distinguishable from this case because
23  the "race card" comment was made in connection with the adverse action.  However, Defendant's failure to properly cite
    and address this authority is extremely unhelpful to the Court.  Defendant's pleadings contain a series of citation
24  mistakes.  For example, Defendant cites Schuler v. Chronicle Broadcasting Co., Inc., 793 F.2d 1010, 1011 (9th Cir.
    1986) with the parenthetical "[t]he only . . . evidence [of discrimination] is [plaintiff's] own testimony that it is . . . [her]
25  belief that [s]he was fired for discriminatory reasons.  This subjective belief is insufficient to establish a prima facie
    case". (Reply at 12.)  The language in the parenthetical does not appear in that case.  In fact, the Schuler court assumed
26  that Plaintiff did establish a prima facie case.  The Court strongly cautions Defendant's counsel against carelessness in
    citing authority.

7

E. Job Application in 2010

1. Reason for Action

A "defendant cannot be held responsible for failing to hire [a plaintiff] for a position that she did not apply for . . . until after the position had been filled." Powell v. Cascade General, Inc., 2001 WL 34043436, 4 (D. Oregon 2001) (summary judgment granted where defendant had made employment selection prior to receiving plaintiff's application).

Defendant claims that it did not hire Plaintiff for the 2010 Respiratory Therapist Shift Supervisor position because Wallace had  filled the position before Plaintiff applied.  This is a legitimate, non-discriminatory reason for the employment action and is supported by testimony and documentary evidence.

2.  Evidence of Pretext

Plaintiff offers no direct evidence that Defendant's proffered explanation is pretext and her circumstantial evidence is mere conjecture.  Instead of offering facts in support of her claim, Plaintiff states that "it is likely that Wallace new of the racial animus Savage held toward Lyle."  Her suspicions are not sufficient to defeat summary judgment.  Plaintiff offers no evidence to contradict Wallace's testimony that he did not know of the complaints and EEOC charges filed by Plaintiff Most importantly, Plaintiff does not contest the unequivocal evidence that the Respiratory Therapist Shift Supervisor position had already been filled when she applied for it and that Wallace reviewed her application, but did not consider it because the position had been filled.[4]  Plaintiff has failed to show any dispute of fact on the issue of pretext.  Accordingly, her discrimination claim fails.

F.  Retaliation

It is unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has

---

[4] In reference to Plaintiff's application, the human resources website states: "Reason for rejection: Others better suited – Experience."  Defendant submitted evidence showing that an HR employee selected this statement from a drop-down menu.  Plaintiff offers no evidence that this clerical entry was made or approved by Wallace.  Further, Plaintiff does not dispute that Jackon, a 20-year veteran in the field, had superior experience.

1   made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or

2   hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation,

3   a plaintiff must demonstrate that "(1) she engaged in an activity protected under Title VII; (2) her

4   employer subjected her to an adverse employment action; and (3) a causal link exists between the

5   protected activity and the adverse employment action." Thomas v. City of Beaverton, 379 F.3d 802,

6   811 (9th Cir.2004) (citing Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir.2000)).  If a plaintiff

7   establishes a prima facie case of retaliation, the burden shifts to the defendant to demonstrate a

8   legitimate, nondiscriminatory reason for its decision. Ray, 217 F.3d at 1240. If the defendant

9   demonstrates such a reason, the burden shifts back to the plaintiff to show that the defendant's reason

10  was a mere pretext for discrimination. Id.

11          Plaintiff does not contest Defendant's assertion that she did not engage in any protected

12  activity prior to September, 2009.  Defendant has offered undisputed evidence and testimony

13  showing that Savage and Wallace were not aware of Plaintiff's protected activity.  Savage and

14  Wallace's lack of knowledge of the protected activity alone prevents Plaintiff from successfully

15  stating a prima facie case because she cannot show a causal connection between the protected

16  activity and the actions she complains of.  Plaintiff only asserts her opinion that Savage and Wallace

17  are not telling the truth.  This is insufficient to create an issue of fact.

18          Even if Plaintiff could overcome this defect, her other assertions are insufficient to save her

19  retaliation claim.  Plaintiff claims that Defendant retaliated by auditing her PTO, but she does not

20  address Defendant's evidence that the audit was company-wide and that her supervisor was unaware

21  of it.  Plaintiff also fails to address Defendant's argument that she was treated similarly to other

22  employees, and that Savage did not participate in the shift assignments.  Plaintiff alleges that she

23  received disciplinary letters in retaliation for her protected conduct, but the letters were sent prior to

24  the filing of the EEOC charge.  Plaintiff asserts that she was "constantly required" to attend meetings

25  with Savage.  However, Plaintiff's own testimony states that she did not meet with Savage until ten

26  months after filing her EEOC charge.  This ten month delay is insufficient evidence of a casual link

9

1  to the protected activity. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1068 (9th Cir.

2  2002) (ten month delay between protected activity and termination was insufficient temporal

3  proximity to give rise to an inference of causation).  The only other adverse employment action that

4  could have occurred as a result of Plaintiff's protected conduct was the decision not to promote her to

5  shift supervisor in 2010.  As discussed above, it is undisputed that Wallace did not know about

6  Plaintiff's protected activity.  It is also undisputed that Wallace was not aware that Plaintiff was

7  applying for the shift supervisor position when he selected Jackson.[5]  Plaintiff cannot establish a

8  pirma facie case for retaliation.  Accordingly, her claim fails.

9      G.  Mitigation

10      Title VII "requires the claimant to use reasonable diligence in finding other suitable

11  employment." Ford Motor Co. v. EEOC, 458 U.S. 219, 231 (1982). Defendant has the burden of

12  proving that plaintiff failed to mitigate damages. Sangster v. United Air Lines, Inc., 633 F.2d 864,

13  868 (9th Cir.1980). To satisfy this burden, defendant has to prove "that, based on undisputed facts in

14  the record, during the time in question there were substantially equivalent jobs available, which [the

15  plaintiff] could have obtained, and that [the plaintiff] failed to use reasonable diligence in seeking

16  one." EEOC v. Farmer Bros. Co., 31 F.3d 891, 906 (9th Cir.1994) (emphasis in original).

17  "Substantially equivalent employment is that employment which affords virtually identical

18  promotional opportunities, compensation, job responsibilities, working conditions, and status . . .."

19  Hughes v. Mayoral, 721 F.Supp.2d 947, 967 (D.Hawai'i 2010) quoting Sellers v. Delgado Coll., 902

20  F.2d 1189, 1193 (5th Cir.1990); see also Booker v. Taylor Milk Co., 64 F.3d 860, 866 (3d Cir.1995);

21  Rasimas v. Mich. Dep't of Mental Health, 714 F.2d 614, 624 (6th Cir.1983); Cassella v. Mineral

22  Park, Inc., 2010 WL 454992, at *5 (D.Ariz. Feb. 9, 2010). Summary judgment is appropriate where

23  there is no dispute that plaintiff did not undertake an active search for equivalent employment.

24  Delima v. Home Depot U.S.A., Inc., 616 F.Supp.2d 1055, 1093 (D.Oregon 2008) (granting summary

25  _____

26      [5] To the extent it is suggested by Plaintiff, Title VII does not require an employer to revisit a previously made hiring decision when an applicant in a protected class applies.

1  judgment for failure to mitigate where plaintiff only searched for employment if she walked into a

2  store with an open position).

3          It is undisputed that, during the relevant time period, Plaintiff only applied to the two

4  positions described above.  It is also undisputed that she failed to apply for three open Respiratory

5  Therapist Shift Supervisor positions at DSH and sixteen other Respiratory Therapist Shift Supervisor

6  positions listed by her employer, Valley Health System, at other local hospitals.  Defendant has

7  submitted evidence showing that all the Valley Health System positions had nearly identical job

8  descriptions, and that seven of them were day shifts.  Plaintiff also admits she did not look for open

9  positions anywhere else or apply for supervisor positions at Sunrise Hospital where she also worked.

10         Plaintiff argues that these positions were not "substantially similar" because they were not at

11 the exact same location at exact same time.  To accept Plaintiff's absurdly stringent standard of

12 "substantially similar" would eviscerate the obligation to mitigate damages.  Plaintiff offers no

13 support for her argument that she did not have to mitigate because she was dissuaded by the

14 discriminatory conduct.  Title VII requires Plaintiff to mitigate her damages and she did not.

15 Accordingly, Defendant has shown that there is no dispute of fact on the question of mitigation and

16 summary judgment on this issue is granted in favor of Defendant.

17 III.  Conclusion

18         **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (#24) is

19 **GRANTED.**

20         DATED this 14th day of December 2012.

21

22

23 _____

   Kent J. Dawson
24 United States District Judge

25

26